1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11    CLAUDIO BARRIENTOS-RAMIREZ, | Case No.:  17cv240-CAB-BLM |
| 12                  Petitioner, | |
| 13    v. | **ORDER CONSTRUING PETITION FOR WRIT OF HABEAS CORPUS AS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255; AND (2) INFORMING PETITIONER OF OPTIONS** |
| 14    UNITED STATES OF AMERICA, Warden, | |
| 15 | |
| 16                Respondent. | |

17

18         On February 6, 2017, Petitioner, a federal prisoner currently incarcerated at

19 Victorville, F.C.I., Adelanto, California, proceeding pro se, filed a Petition for a Writ of

20 Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in the

21 District Court for the Southern District of Texas.  [Doc. No. 1.]  On February 8, 2016, the

22 petition was transferred to this Court.  *Id.*  On April 1, 2017, the United States of America

23 filed a response to the Petition.  [Doc. No. 10.]

24                                BACKGROUND

25         Petitioner was originally charged, within the Southern District of Texas, in

26 underlying criminal case no. 11cr776, for violation of 8 U.S.C. §1326. [Doc. No. 1-1.]

27 Petitioner pled guilty and was sentenced to 41-months custody, 3-years' supervised

28 release, and ordered to pay a $100 special assessment.  [Doc. No. 1-5.]  On February 16,

2016, the District Court for the Southern District of Texas transferred Petitioner's supervised release jurisdiction to the Southern District of California. [Doc. No. 1.] The new criminal case number in this District became 16cr7046-CAB. The reason for the transfer was likely because Defendant had been arrested and charged within the Southern District of California for a new §1326 violation, Case No. 16cr463-CAB.

Subsequently, the U.S. Probation Office filed an Expanded Violation Worksheet in transfer case 16cr7046-CAB on April 6, 2016, which alleged Petitioner was in violation of his Supervised Release by returning to the U.S. illegally. [Doc. No. 1-4.] On January 13, 2017, after pleading guilty to the more recent §1326 case in 16cr463-CAB and after admitting his violations alleged in 16cr7046-CAB, this Court sentenced Petitioner to 12-months' custody in the new case (16cr463-CAB), and to a term of 8-months' custody consecutive in the supervised release transfer case (16cr7046-CAB). Thereafter, on February 6, 2017, Petitioner filed this petition in the Southern District of Texas, in Case no. 11cr776. The Southern District of Texas transferred the petition to this court because, at the time, Petitioner was incarcerated at the Otay-Mesa Detention Center, which is located in the Southern District of California. [Doc. No. 4.]

DISCUSSION

Petitioner requests that the Court vacate the 8-months' consecutive sentence this Court recently imposed in the supervised release matter, 16cr7046-CAB. He argues that, in his first §1326 conviction, the original court – the Southern District of Texas in predecessor case no. 11cr776 – imposed the 41-month sentence and 2-year term of supervised release in error. Thus, he is asking this Court to vacate its (presumably error-free sentence) due to an alleged constitutional error in the sentencing imposed by the Southern District of Texas.

Federal prisoners have two statutory paths by which they may seek a writ of habeas corpus. "As a general rule," federal inmates may collaterally attack their conviction only under 28 U.S.C. § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011); *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (section 2255

provides "the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention").

However, a federal prisoner may also seek a writ under 28 U.S.C. § 2241. That statute permits a prisoner to "challenge the manner, location, or conditions of a sentence's execution" by habeas review. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). A Section 2241 petition must be brought in a federal court in the district in which the inmate is confined[1]; a challenge under Section 2255 must be filed in the court that originally imposed sentence. *Id.*[2]

The statutes overlap in the "exceptional case" in which a petition "qualifies for the escape hatch of [Section] 2255, and can legitimately be brought as a [Section] 2241 petition." *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). The "escape hatch" provision under Section 2255(e) allows a federal prisoner to pursue relief under Section 2241 where it appears that a habeas petition in the sentencing court is "inadequate or ineffective to test the legality of his detention." *Id.* at 956. To apply the escape hatch, a district court must first answer the "threshold jurisdictional question" of "whether a petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion, before it can proceed to the merits of the claim." *Marrero v. Ives*, 682 F.3d 1190, 1194 (9th Cir. 2012).

A prisoner may qualify for the escape hatch – and bring a Section 2241 petition in the district in which the prisoner is incarcerated – where the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Alaimalo*, 645 F.3d at 1047 (quotation omitted). 2013) (prisoner's argument that he was "innocent of his career offender status for sentencing purposes is not cognizable as a claim of actual innocence") (quotation omitted).

---

[1] Whether district court has jurisdiction over custodian of prisoner who filed petition for habeas corpus is determined at time petition is filed. *Ross v. Mebane*, 536 F.2d 1199, 1201 (1976).
[2] That criminal case, however, has now been transferred to this Court.

17cv240-CAB-BLM

1  Although the current action was filed as a Petition for a Writ of Habeas Corpus by

2  a Person in State Custody pursuant to 28 U.S.C. § 2241, the Court will construe it as a

3  Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, as

4  Petitioner is collaterally attacking the constitutionality of the sentence imposed by the

5  Texas District Court, and has made no "escape hatch" claim under Section 2241.  Given

6  that this petition will be construed as a Section 2255 motion, pursuant to *Castro v. United*

7  *States*, –U.S.–, 124 S.Ct. 786 (2003), the Court is required to give Petitioner the

8  following options prior to ruling on his Section 2255 Motion and to inform Petitioner of

9  the consequences of choosing those options.

10  Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the

11  opportunity to file successive motions under Section 2255 is strictly limited.  The

12  AEDPA amended 28 U.S.C. Section 2255 by providing for a one-year limitation period

13  for prisoners to file motions under Section 2255.  The section states, in pertinent part:

14  (f)  A 1-year period of limitation shall apply to a motion under this section.
    The limitation period shall run from the latest of:

16      (1)  the date on which the judgment of conviction becomes final;

17      (2)  the date on which the impediment to making a motion created by
    governmental action in violation of the Constitution or laws of the United
    States is removed, if the movant was prevented from making a motion by
    such governmental action;

21      (3)  the date on which the right asserted was initially recognized by
    the Supreme Court, if that right has been newly recognized by the Supreme
    Court and made retroactively applicable to cases on collateral review; or

23      (4)  the date on which the facts supporting the claim or claims
    presented could have been discovered through the exercise of due diligence.

25  . . . .

27  (h)  A second or successive motion must be certified as provided in section
    2244 by a panel of the appropriate court of appeals to contain –

4

17cv240-CAB-BLM

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 (West Supp. 2008).

PETITIONER'S OPTIONS:

Option 1: Consent in writing to this Court ruling on his Motion

Petitioner may inform the Court of his desire to have the Court construe his Petition as a Motion under Section 2255 and rule on the merits of his Motion (including any statute of limitations defenses thereto). To do so, Petitioner should file a pleading with this Court entitled: "Consent to recharacterization of petition as motion under Section 2255." The Court will then proceed to rule on the merits of the Section 2255 Motion.

Option 2: Withdraw the instant Motion and file an all-inclusive Section 2255 Motion

Petitioner may withdraw the instant Motion and refile an all-inclusive Section 2255 Motion at a later date which contains all issues he wishes to raise. If Petitioner chooses Option 2, he must file a pleading with this Court entitled: "Notice of Withdrawal of Section 2255 Motion."

CONSEQUENCES OF PETITIONER'S ACTIONS:

Consequences of selecting Option 1: If Petitioner elects to proceed to the merits of his Section 2255 Motion by filing a "Consent to recharacterization of petition as motion under Section 2255," this Court will rule on Petitioner's Motion. However, the Court cautions Petitioner that if he chooses this option this would be his one opportunity to file a Motion under Section 2255 without being required to obtain permission from the court of appeals as set forth above.

Consequences of selecting Option 2: If Petitioner elects to withdraw the instant motion by filing a "Notice of Withdrawal of Section 2255 Motion," the Court will not rule on the Section 2255 Motion at this time. However, Petitioner will be permitted to include the claims presented in the instant Section 2255 Motion in an all-inclusive Section 2255 Motion filed at a later date. However, the Court cautions Petitioner that he must file the all-inclusive Section 2255 Motion within the applicable statute of limitations set forth above (assuming it has not already passed). If Petitioner fails to timely file his all-inclusive Section 2255 Motion within the statute of limitations he will be required to seek permission from the court of appeals as set forth above.

## CONCLUSION AND ORDER

Based on the foregoing, and good cause appearing, the Court hereby **NOTIFIES** Petitioner of the options set forth above. Petitioner must reply to this Order no later than **June 9, 2017**, selecting one of the options set forth above. At that time, Petitioner may also file a reply to the Government's Return. If Petitioner does not file a reply to this Order by that date, the petition will be dismissed without prejudice and without further court order.

**IT IS SO ORDERED**.

Dated: May 10, 2017

Hon. Cathy Ann Bencivengo
United States District Judge

17cv240-CAB-BLM